70 F.3d 1279
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Odell PAULK, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
* Defendant-Appellee.
 No. 94-35831.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 13, 1995.*
Decided Nov. 30, 1995.
 
 Before: BROWNING, RYMER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Odell Paulk appeals from the district court's final judgment affirming the ALJ's determination of January 1, 1991, as the onset date of his disability. Paulk argues for a much earlier date of April 12, 1988, because since at least that date (1) his combined impairments equalled a listed impairment; and (2) he was limited to sedentary work. The contrary findings of the ALJ on these two issues, Paulk contends, are not supported by substantial evidence in the record. We have jurisdiction and affirm.
 
 
 3
 * Paulk contends the ALJ's determination that his combined impairments did not meet or equal a listed impairment until January 1, 1991, is not supported by substantial evidence in the record. In fact, Paulk says, the testimony of Dr. Bonzer confirms that Paulk's combined impairments have equalled Listing 4.04B7 since April 12, 1988.
 
 
 4
 The administrative record contains more than two dozen separate evaluations of Paulk's various physical and mental impairments, with most of them addressing the period 1986-1990, yet none of them give any indication that his impairments were severe enough to meet or equal a listing before 1991. And the results of Paulk's treadmill test in August 1988 provide additional support for the ALJ's finding. We therefore conclude the ALJ's chosen date for when Paulk's combined impairments met or equalled a listed impairment is supported by substantial evidence.
 
 
 5
 The testimony of Dr. Bonzer does not undercut our conclusion. Dr. Bonzer testified that Paulk's combined impairments equalled a listed impairment since April 1991, and then assumed without opining that Paulk had severe disease perhaps as early as 1987. But Dr. Bonzer later explained that there existed nothing in Paulk's medical records that met or equalled a listing before 1991, he acknowledged that the ALJ raised valid concerns about Paulk's disability onset date, and he offered his opinion that the date essentially is an arbitrary one.
 
 II
 
 6
 Paulk also contends that there exists no substantial evidence to support the ALJ's determination that prior to January 1, 1991, Paulk retained the residual functional capacity to perform the full range of light work. Paulk points to the testimony of Drs. White and Bonzer, which he says confirms that Paulk was limited to sedentary work since 1988.
 
 
 7
 In determining Paulk's residual functional capacity, the ALJ reasonably relied on the specific observations of Paulk's treating physicians as to his condition prior to January 1, 1991. These observations, including those of Dr. Koester in January 1990 and Dr. Litchman in March 1990, comprised substantial evidentiary support for the ALJ's conclusion that Paulk's impairments did not prevent him from performing the full range of light work before January 1, 1991. Moreover, Paulk's own description, on April 26, 1991, of the recent onset of his severe cardiac symptoms also supports the ALJ's decision.
 
 
 8
 The ALJ properly rejected Dr. White's contrary conclusion because Dr. White was not Paulk's treating physician, he offered no objective explanation to support his conclusion, and his conclusion contradicted those of every treating physician who examined Paulk during that period. And Dr. Bonzer, contrary to Paulk's contention, does not support his position. Dr. Bonzer acknowledged that the ALJ raised valid questions regarding Paulk's ability to do light work before January 1, 1991, and could not offer a firm opinion that Paulk was limited to sedentary work before that date.
 
 III
 
 9
 Paulk contends that Social Security Ruling 83-20 mandates a finding of disability no later than April 12, 1988, because it creates a rebuttable presumption that "[i]n determining the date of onset of disability, the date alleged by the individual should be used if it is consistent with all the evidence available." This presumption is not triggered here, however, because as we explained above, Paulk's alleged disability onset date actually is inconsistent with virtually all of the evidence.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Shirley S. Chater, Commissioner of Social Security, has been substituted for Donna E. Shalala, Secretary of Health and Human Services, in accordance with P.L. 103-296, the Social Security Independence and Program Improvements Act of 1994, and pursuant to Federal Rule of Appellate Procedure 43(c)(1)
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3